**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Toijuana Gene COLLINS, aka Toijuana**
**Collins and G–Red, Defendant–**
**Appellant.**

**No. 08–50182.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2009.*

Filed Dec. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**944**

Michael J. Raphael, Esquire, Assistant U.S., George S. Cardona, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Scott Meza, Esquire, Trial, Michael S. Meza Law Offices, Orange, CA, for Defendant–Appellant.

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

### MEMORANDUM **

Toijuana Gene Collins appeals from the district court's order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Collins contends that the district court erred in finding that it did not have authority under § 3582(c)(2) to modify his sentence. Because Collins was sentenced based on the mandatory minimum under 21 U.S.C. § 841(b)(1)(A) for a defendant with his criminal history, and not based on the Sentencing Guidelines, he is ineligible for the modification that he seeks. His case is squarely controlled by *United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (per curiam), in which we held that a defendant with a sentence "based on the statutory mandatory minimum under 21 U.S.C. § 841" is "not entitled to a reduction [under § 3582(c)(2) ] because his sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *See Paulk*, 569 F.3d at 1095 (quoting 18 U.S.C. § 3582(c)(2)); *see also* U.S.S.G § 1B1.10 cmt. n. 1(A) (2008) ("[A] reduction in the defendant's term of imprisonment is not

authorized under 18 U.S.C. § 3582(c)(2) ... if ... the amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).